IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AKEEM MUHAMMAD,

    Plaintiff,

v.                                            CASE NO. 4:97-cv-00383-MP

TONI BOWDEN, J C GREENE, WALLACE HENDERSON, P J MECUSKER, HARRY K SINGLETARY, STORR,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 44, Motion for Relief from Judgment by Akeem Muhammad.  Plaintiff requests relief from judgment pursuant to Rule 60(b)(5) or (6) to reflect that the complaint is dismissed with prejudice as moot.  On March 26, 1998, the Court dismissed with prejudice plaintiff's amended complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.  The Court concluded that the plaintiff did not have a constitutionally protected liberty interest in obtaining notary services in a certain name, and cannot show that he was in any way denied access to the courts.  On August 10, 1999, the Eleventh Circuit affirmed the Court's order and in an unpublished opinion stated that the Court "correctly dismissed Muhammad's amended complaint for failure to state a claim under U.S.C. § 1915 because Muhammad has not demonstrated that he has been hindered in his access to the courts."  Doc. 41 at 5.

Pursuant to Federal Rule of Civil Procedure 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding . . ." if "(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). However, "[a] motion under Rule 60(b) must be made within a reasonable time . . . ." Fed. R. Civ. P. 60(c).

Plaintiff directs the Court's attention to the Eleventh Circuit's opinion in *Hakim v. Hicks*, which held that prisoners have a constitutional right to receive notary services under their legally changed religious names by means of the prisons dual-name policy. 223 F. 3d. 1244, 1245-46 (11th Cir. 2000). Plaintiff contends that *Hakim v. Hicks*, "effectively overruled and invalidated this Court's dismissal of plaintiff's complaint." Plaintiff acknowledges that his complaint is moot since the defendant now recognizes his religious name. However, as a prisoner, the Court's dismissal of his complaint under 28 U.S.C. § 1915 counts as a strike, and three strikes bar him from accessing the courts in forma pauperis. As such, plaintiff moves the Court for relief from judgment pursuant to Rule 60(b)(5) or (6).

Plaintiff's Rule 60(b) motion has not been made within a reasonable time. Plaintiff's requested relief is based on an Eleventh Circuit opinion from eleven years ago. That opinion was issued less than one year after the Eleventh Circuit affirmed this Court's order dismissing plaintiff's complaint. Plaintiff fails to provide any reason for the lengthy delay in requesting relief from judgment.

Furthermore, *Hakim v. Hicks*, only applies to prisoners who have legally changed their names. While plaintiff asserts that Akeem Muhammad is his legal name, he has offered no evidence that it has been legally changed. In fact, the Magistrate Judge's report and recommendation took "judicial notice of the fact that in his first complaint, Plaintiff said he had previously informed Defendant Storr 'that Akeem Muhammad was his true or legal name but that he did not change his name from Richard Rinaldo to Akeem Muhammad.'" Doc. 16 at 2.

Thus, it is unclear whether plaintiff has legally changed his name to Akeem Muhammad.

Accordingly, it is hereby

    **ORDERED AND ADJUDGED:**

1.    Plaintiff's motion for relief from judgment, Doc. 44, is DENIED.

    **DONE AND ORDERED** this  *27th* day of July, 2011

                                    *s/Maurice M. Paul*
                          Maurice M. Paul, Senior District Judge