IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AKEEM MUHAMMAD,

    Plaintiff,

v.                                             CASE NO. 4:97-cv-00383-MP

STORR, et al.,

    Defendants.

_____/

## O R D E R

This matter is before the Court on Doc. 83, motion to cancel Plaintiff's 9/27/11 consent by Akeem Muhammad. Plaintiff, a Florida prisoner, previously filed an appeal in this matter to the Eleventh Circuit. (Doc. 50). Although this Court granted Plaintiff leave to appeal *in forma pauperis* (doc. 55), Plaintiff was still required to pay fees totaling $455.00, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915. (Doc. 60). The Act permits inmates to either make this payment in full or to pay the fees in installments from a prison account. *Id.*; *see also* 28 U.S.C. § 1915.

Plaintiff filed with the Eleventh Circuit a Consent Form, authorizing the institution of his confinement to pay the $455.00 in installments from his prison account. (Doc. 69). Plaintiff specifically authorized institution officials "to make . . . monthly payments from [his] account until the balance of the $455.00 is paid." *Id.* He also agreed that such payments would continue to be made even if, before the balance was paid in full, the Eleventh Circuit disposed of his appeal, either "by dismissing the appeal for lack of jurisdiction, *for want of prosecution*, or because it [was] frivolous, or by deciding the appeal on the merits." *Id.* (emphasis added).

Subsequently, the Eleventh Circuit issued an Order, finding that Plaintiff had previously been designated as a "three striker" under 28 U.S.C. § 1915(g). (Doc. 79). The Court ruled that to proceed with his appeal, Plaintiff would need to "prepay the entire appellate filing fee within 14 days of the date of [the Court's] order. Otherwise, his appeal [would] be dismissed without further notice for want of prosecution." *Id.* Plaintiff failed to prepay the entire fee within this time period. Accordingly, the Eleventh Circuit dismissed the appeal "for want of prosecution." (Doc. 80).

In the instant motion, Plaintiff indicates that he was recently informed that his obligation to pay pursuant to the installment plan remains in effect, despite the Eleventh Circuit's dismissal. *See* Doc. 83 at 3. Plaintiff seeks to have the installment plan cancelled or revoked so as to prevent institutional officials from deducting funds from his prison account. He argues that it would be fundamentally unfair and a violation of due process to take $455 from his account "to pay for an appeal that was previously dismissed for Plaintiff's failure to prepay the $455 appellate filing fee." *Id.*

Contrary to Plaintiff's position, federal circuit courts addressing this issue have concluded that, according to the plain language of Section 1915(b)(1), the "filing fee is to be assessed for the privilege of initiating an appeal, without regard to the subsequent disposition of the matter." *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997); *see also Porter v. Dept. of Treasury*, 564 F.3d 176, 179 (3d Cir. 2009) (noting that the plain language of the PLRA requires that a prisoner pay the fees if he files an appeal). Similar to the instant matter is the Eighth Circuit's opinion in *In re Tyler*, 110 F.3d 528 (8th Cir. 1997). There, the Court found that petitioner was "ineligible for the § 1915(b) installment plan" because he was subject to the three strikes bar. *Id.* at 529. The Court required petitioner to pay his filing fee in full before it

would consider the merits of his petition. *Id.* If petitioner failed to satisfy his financial obligation within fifteen days, the Court would dismiss the petition for failure to prosecute and petitioner would "still be assessed the full filing fee because PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Id.* at 529-30.

This Court adopts the reasoning of the Eighth Circuit. Based on the plain language of 28 U.S.C. § 1915(b)(1), prisoners who avail themselves of the privilege of initiating an appeal must pay the filing fees. The moment a prisoner files an appeal, he is responsible for the full filing fees, irrespective of whether the appellate court subsequently dismisses the appeal for failure to prosecute.

Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

Plaintiff's motion to cancel consent (Doc. 83) is DENIED.

**DONE AND ORDERED** this   *22nd* day of April, 2014

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge